*trict Attorney,* for appellee.

## A94A2569. CITY OF ATLANTA v. OKONKWO.
(456 SE2d 58)

POPE, Presiding Judge.

Okonkwo was a taxi driver, licensed by the City of Atlanta ("the City"). He was arrested and charged with driving under the influence, and the Municipal Court accepted his plea of nolo contendere. Based on Okonkwo's plea, the City revoked his license to drive a taxi for five years. Okonkwo's petition for a writ of certiorari to the Superior Court was granted, see OCGA § 5-4-1 et seq., and the Superior Court reversed the City's decision. We granted the City's application for a discretionary appeal and now reverse, though we do so on grounds not urged by the City.

The City based its revocation of Okonkwo's license on §§ 14-8005 and 14-8008 of the City Ordinance Code. These ordinances provide in pertinent part that the City may revoke a taxi driver's permit if the driver has been convicted of driving under the influence, and that "[f]or the purposes of this subsection, a plea of nolo contendere . . . shall constitute a conviction." City Code § 14-8005 (b) (9). In reversing the City's decision, the Superior Court ruled that the City could not rely on this portion of § 14-8005 (b) (9) because it conflicts with a State statute, OCGA § 17-7-95 (c). OCGA § 17-7-95 (c) generally prohibits the use of a nolo contendere plea against the defendant in any proceeding for any purpose, and further prohibits its use for effecting any civil disqualification of the defendant.

But OCGA § 17-7-95 (c) begins with the words: "[e]*xcept as otherwise provided by law.*" (Emphasis supplied.) Thus, with respect to professions regulated by the State, the General Assembly has provided that a pharmacist's license may be revoked based on a plea of nolo contendere, see OCGA § 26-4-78 (a) (3); that a dentist's license may be revoked based on a plea of nolo contendere, see OCGA § 43-11-47 (a) (4) (A); that a nurse's license may be revoked based on a plea of nolo contendere, see OCGA § 43-26-11 (1); and that a real estate broker or salesperson's license may be revoked based on a plea of nolo contendere, see OCGA § 43-40-15 (b) (1) and (2). The City regulates the taxicab industry just as the State regulates these professions, and has promulgated an ordinance analogous to the State statutes cited above. We therefore conclude that, just as the General Assembly intended by the use of the words "except as otherwise provided by law" to except State laws regarding professional licensing from the general prohibition against the use of a nolo plea against a defendant, so too did it intend to except local ordinances dealing with

professional licensing where the profession is one regulated by the local government rather than the State. Accordingly, the trial court erred in reversing the City's decision.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 10, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995 — 

*Overtis H. Brantley, Joe M. Harris, Jr., Lisa S. Morchower, Clifford E. Hardwick IV*, for appellant.
*Kevin F. Forier*, for appellee.